UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MILES ZACKERY-COLE NOVEMBER, and

KIM POWELL, Guardian, Conservator,
and Attorney-in-Fact for and on behalf of
MILES ZACKERY-COLE NOVEMBER,

        Plaintiffs,

v.

CHESTERFIELD COUNTY, VIRGINIA,

THIERRY G. DUPUIS,

RYAN T. SWOPE,

KEVIN P. GRUARIN,

DAVID M. COLVIN,

APRIL L. LOVING,

SHAWN WILSON,

JAMES R. LAMB, and

JON H. MOSS,

        Defendants.

Case No: 3:17-cv-00113-HEH
**JURY TRIAL DEMANDED**

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO FILE PORTIONS OF COMPLAINT UNDER SEAL

COME NOW the Plaintiffs, Miles Zackery-Cole November and Kim Powell, Guardian, Conservator, and Attorney-in-Fact for and on behalf of Miles Zackery-Cole November, by counsel, and for their Memorandum in Support of Motion to File Portions of Complaint Under Seal, state as follows:

y

1.     This matter concerns the intentional tasing of then 26-year-old Miles Zackery-Cole November ("November") late on the evening of February 7, 2015 and/or early on the morning of February 8, 2015 with a 50,000-volt Taser X2 CEW.  The tasing occurred immediately after November had been removed from the wreckage of a badly damaged and inverted automobile that the Defendant police officers knew was leaking gasoline, gas fumes and/or other flammable substances onto and around the body and clothing of November and around the immediate area of the automobile wreckage.  The electrical charge from Defendant former Chesterfield County Police Department ("CCPD") officer Ryan T. Swope ("Swope")'s taser immediately ignited flammable substances and/or vapors on and around November's body and clothing, causing November to become completely engulfed in a fireball.  The fire that engulfed November burned for more than 30 seconds before firefighters extinguished the blaze. November suffered full thickness burns on approximately 86 percent of his body.  Defendants Gruarin, Colvin, Loving, and Wilson, additional CCPD officers surrounding Swope and November at the time of the tasing, also knew that there was gasoline all over the road, the crashed car and November, but no officer warned or instructed Swope not to fire his taser. Instead, these officers ran away from November when Swope yelled "taser, taser, taser," indicating his intent to fire the weapon.  Defendants Chesterfield County, Virginia; CCPD Chief Dupuis; Swope's then-supervisor Lamb; and police psychologist Moss, all knew for some time prior to November's tasing of considerable information indicating Swope's unfitness to serve as a patrol officer and his likelihood of endangering the public he encountered in that role, including information subject to Plaintiffs' sealing motion, but permitted Swope to do so anyway and/or recommended that he be permitted to continue serving.  Defendant Swope also knew for some time prior to November's tasing of considerable information concerning his unfitness to

...

serve as a patrol officer and his likelihood of endangering the public he encountered in that role, including information subject to Plaintiffs' sealing motion, but continued to do so anyway. Defendant Chesterfield County also developed and maintained policies or customs and/or patterns and practices concerning use of force that exhibited deliberate indifference to the constitutional rights of persons in the community, which caused the violation of November's constitutional rights. Defendant Chesterfield County and its policymaker Defendant Dupuis were also aware of numerous improper/unconstitutional tasings by CCPD officers, including Swope, prior to November's tasing. Plaintiffs allege against Defendant officers Swope, Gruarin, Colvin, Loving, and Wilson state law claims for gross negligence and willful and wanton negligence, breach of assumed duties, and battery, and federal law claims for alleged violations of 42 U.S.C. Section 1983 and Amendments IV and XIV in connection with excessive force. Plaintiffs allege against Defendant Chesterfield County federal law claims for custom/policy/pattern or practice of use of excessive force in violation of 42 U.S.C. Section 1983 and Amendments IV and XIV. Plaintiffs allege against Defendants Lamb and Dupuis in their individual capacities supervisory claims for violation of the United States Constitution. Plaintiffs allege against police psychologist Defendant Moss state law claims for breach of duties and assumed duties.

      2.    Certain portions of the Complaint that Plaintiffs are filing herewith detail information about the health and/or medical state of Defendant Swope. Plaintiffs are filing a redacted version of the Complaint publically, and are seeking to file *initially* under seal the redacted portions. The entire, non-redacted Complaint is being filed under seal herewith for the Court's consideration.

3. A Virginia Circuit Court previously entered a protective order concerning confidential information related to Swope and defining "Confidential Information" as "information subject to federal or state privacy rights, medical and health information protected by the Health Insurance Portability and Accountability Act ("HIPAA"), and any other information which may create a reasonable risk of identity theft, invasion of privacy, or may otherwise cause substantial harm to the designating party's legitimate privacy interests if publicly disclosed, including without limitation, student names or names of students' parents or guardians, social security numbers, addresses, telephone numbers, and personal health information." The Virginia Circuit Court order, attached hereto as **Exhibit A**, provided that if any party wished to use designated "Confidential Information" in a court filing, the party must "submit a written application for leave to file under seal the material designated as Confidential Information."

4. Under Local Civil Rule 5, a party seeking to file a document under seal must file a "non-confidential memorandum" that includes four items:

> (1) A non-confidential description of what material has been filed under seal;
> (2) A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request;
> (3) References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied;
> (4) Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing.

Local Rule 5(C).

4. With regard to the first item, "[a] non-confidential description of what material has been filed under seal," the portions of Plaintiffs' Complaint that they are seeking initially to file under seal include information defined by a Virginia Circuit Court order to be "Confidential

4

Information" and that relates to Defendant Swope's health/ medical state, and that is redacted in the publically filed version of the Complaint.

5. With regard to the second item, "[a] statement why sealing is necessary," because there is a current court order concerning such information, and because health and medical information is often subject to (or can be subject to) federal or state privacy rights, Plaintiffs respectfully ask the Court to seal *initially* such information. Plaintiffs believe that it is not necessary and will impede the efficient prosecution of the matter for Defendant Swope's medical and health information cited in Complaint to remain under seal, but believe that partially sealing or redacting such at this time provides Defendant Swope an opportunity to address this Court concerning such.

6. With regard to the third item, a discussion of the "governing case law," the Fourth Circuit standard for permitting documents to be filed under seal is contained in Rushford v. New Yorker Magazine, 846 F.2d 249 (4th Cir.1988):

> Under common law, there is a presumption of access accorded to judicial records. This presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access. The trial court may weigh 'the interests advanced by the parties in light of the public interests and the duty of the courts.' The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.

Id. at 253. See also I/P Engine, Inc. v. AOL, Inc., No. 2:11CV512, 2012 WL 4051146, at *1 (E.D. Va. Sept. 13, 2012). In this case, the Plaintiffs' request *initially* to file under seal portions of the Complaint concerning Swope's health/medical status until this Court has an opportunity to weigh the appropriateness of any continued sealing of such constitutes "countervailing interests" that "heavily outweigh the public interests in access." Plaintiffs' request fulfills the terms of the Virginia Circuit Court's order until such time as this Court can decide whether there is any need to continue to seal the information, including after possibly hearing from Swope.

7.  With regard to the fourth item, "a statement as to the period of time the party seeks to have the matter maintained under seal," Plaintiffs believe that the redacted information in the Complaint concerning Swope's health and medical state should remain under seal until such time as this Court has had an opportunity to review the sealed, non-redacted Complaint, and make a ruling as to the appropriateness of further sealing.

Plaintiffs therefore have prepared a draft Order on their Motion, which is attached to the accompanying Motion.

WHEREFORE, for the reasons stated herein and for good cause shown, Plaintiffs, by counsel, respectfully request that the Court grant their Motion to File Portions of Complaint Under Seal, and order the filing <u>under seal</u> of the portions of the Complaint that are currently redacted in the public filing until such time as this Court has an opportunity to rule on the appropriateness of further sealing.

MILES ZACKERY-COLE NOVEMBER, and

KIM POWELL, Guardian, Conservator,
and Attorney-in-Fact for and on behalf of
MILES ZACKERY-COLE NOVEMBER,

By:    /s/ Mark J. Krudys
          Counsel

| | |
|---|---|
| John C. Shea (VSB #17436) | Charles H. Cuthbert, Jr. (VSB #14519) |
| Mark S. Lindensmith (VSB #20452) | Richard M. Cuthbert (VSB #82025) |
| MARKS & HARRISON, PC | CUTHBERT LAW OFFICES |
| 1500 Forest Avenue | A Professional Corporation |
| Suite 100 | 220 North Sycamore Street |
| Richmond, VA  23229 | Petersburg, VA 23803 |
| Phone (804) 282-0999 | Phone (804) 733-3100 |
| Facsimile (804) 288-1853 | Facsimile (804) 732-4658 |
| jshea@marksandharrison.com | ccuthbert@cuthbertlaw.com |
| mlindensmith@marksandharrison.com | rcuthbert@cuthbertlaw.com |

<mark>
<mark>

Mark J. Krudys (VSB #30718)
THE KRUDYS LAW FIRM, PLC
919 East Main Street
Suite 2020
Richmond, VA 23219
Phone (804) 774-7950
Facsimile (804) 381-4458
mkrudys@krudys.com

*Counsel for Plaintiffs*